IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN ANDREW HART,<br>    Plaintiff,<br>              v.<br>GEORGIA DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br>    Defendants. | Civil Action No.<br>1:24-cv-04814-SDG |

## OPINION AND ORDER

This case is before the Court on various motions filed by Plaintiff Jonathan Andrew Hart. For the reasons stated below, the Court orders as follows:

1. Hart's motion for extension of time to file objections [ECF 16] is **GRANTED nunc pro tunc**;

2. Hart's motion to set aside dismissal [ECF 18] is **DENIED**;

3. Hart's motion for appointment of counsel [ECF 22] is **DENIED**;

4. Hart's application to appeal *in forma pauperis* [ECF 24] is **DENIED**; and

5. Hart's motion for relief from prepayment of fees [ECF 25] is **DENIED as moot**.

**I.    Background**

On December 16, 2024, United States Magistrate Judge John K. Larkins, III entered a Final Report and Recommendation (R&R) recommending that this action be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a viable claim

1

for relief.¹ After the time for objections to the R&R passed, undersigned reviewed the R&R for clear error and, finding none, adopted the R&R as the Order of this Court and dismissed the complaint.²

However, shortly after the dismissal was docketed, the Clerk received Hart's motion for an extension of time to file his objections.³ The motion was dated December 26, 2024, and under the "prison mailbox rule" it is deemed to have been filed prior to the expiration of time for Hart to file his objections.⁴ Because Hart's motion establishes good cause for the extension, the Court will grant the requested extension and deem Hart's objections timely filed. Accordingly, undersigned will review the objections to determine whether Hart has shown that the December 30, 2024 Order dismissing the complaint should be vacated.

Hart, an inmate at the Jenkins Correctional Facility in Millen, Georgia, filed the instant 42 U.S.C. § 1983 civil rights action against the Georgia Department of Corrections and various prison officials, claiming that in 2013 he was improperly

---

1    ECF 9.

2    ECF 14.

3    ECF 16.

4    Under the prison mailbox rule "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Courts assume, "[a]bsent evidence to the contrary, . . . that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

classified as a member of the Aryan Nation gang.[5] Hart insists that he is not a member of the gang, that the designation has put him in danger of attack by other inmates, and that he has repeatedly sought to have the designation changed without success.[6] Hart also contends that the false designation violates his equal protection, due process, and Eighth Amendment rights.[7] He also raises First Amendment free exercise claims and a claim of slander based on the designation.[8]

The R&R distilled Hart's allegations into four claims under § 1983: (1) equal protection, (2) due process, (3) deliberate indifference, and (4) slander.[9] First, the R&R concluded that the complaint did not state an equal protection claim because Hart had not shown that similarly situated prisoners were treated differently, and, in the absence of a suspect classification, he had not shown that his designation was not rationally related to the legitimate penological objective of prison security.[10] Second, the R&R concluded that Hart's due process claim failed because he does not have a liberty interest in any particular classification.[11] Third, the R&R

---

[5] ECF 1, at 4.

[6] *Id.* at 4–5.

[7] *Id.* at 5.

[8] *Id.*

[9] *See generally* ECF 9.

[10] *Id.* at 5–8.

[11] *Id.* at 9.

concluded that Hart had not stated an Eighth Amendment deliberate indifference claim because he had not alleged that he suffered any harm.[12] Lastly, the R&R concluded that Hart's slander claim is not actionable under § 1983.[13] The R&R therefore recommended that Hart's complaint be dismissed. Undersigned adopted the R&R as the Order of this Court and dismissed this case with prejudice.[14]

In addition to his objections, Hart filed a motion to set aside the dismissal on the ground that he did not have sufficient time to file his objections.[15] Subsequently, Hart filed a motion for the appointment of counsel, as Jenkins was then on emergency lockdown, which prevented him from accessing the law library,[16] followed by an application to appeal *in forma pauperis* and a motion for relief from prepayment of appellate filing fees.[17]

## II. Applicable Legal Standard

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions

---

[12]   *Id.* at 10–11.

[13]   *Id.* at 11.

[14]   ECF 14.

[15]   ECF 18.

[16]   ECF 22.

[17]   ECFs 24, 25.

of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

The Court recognizes that Hart is appearing *pro se*. Thus, it must construe the complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal

citations omitted) (internal quotation marks omitted); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

### III. Discussion

At the outset, undersigned notes that:

> [f]ederal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983. Federal law determines when the statute of limitations begins to run. Generally, the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. Georgia's statute of limitations is two years.

*Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). Hart was designated as a gang member in 2013, and he found out about the designation in 2019.[18] This action was filed no earlier than October 16, 2024,[19] and therefore under the applicable statute of limitations Hart may only raise claims about events that transpired on or after October 16, 2022; those events relate only to his more recent, abortive efforts to have the gang designation changed.

### A.     First Amendment

Hart first objects that the R&R "failed to consider [Hart's] Religious Freedoms and Rights protected by the 1st Amendment of the U.S. Constitution and how a false gang label contradicts his choice of religion and free practice of life."[20] While it is true that the R&R did not address the First Amendment—understandable, given the litany of claims, statutes, and constitutional provisions that Hart attached to the alleged facts—that omission was harmless. The First Amendment, which applies to the States pursuant to the Due Process Clause of the Fourteenth Amendment, prohibits a law or policy that prohibits the free exercise of religion. *Dorman v. Aronofsky*, 36 F.4th 1306, 1312 (11th Cir. 2022). "In the prison setting, a rule, regulation, or policy restricting the exercise of religion is

---

[18]   ECF 1, at 4.

[19]   *Id.* at 6; *see supra* n.4.

[20]   ECF 17, at 2.

valid 'if it is reasonably related to legitimate penological interests.'" *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Certainly the gang designation is reasonably related to the penological interest of prison security. Nor is there any indication that Hart's gang designation prohibited him from freely exercising his religion or coerced him to adopt any beliefs—indeed, the fact that prison officials designated Hart a member of a gang does not require him to actually join that gang. Accordingly, Hart's First Amendment objection is **OVERRULED**.

### B. Eighth Amendment

Next, Hart objects that the R&R failed to consider his Eighth Amendment claim.[21] This is inaccurate, as the R&R concluded that Hart's complaint failed to state a deliberate indifference claim,[22] which sounds in the Eighth Amendment. *See, e.g., Wade v. McDade*, 106 F.4th 1251 (11th Cir. 2024).

Elsewhere, Hart objects to the dismissal of his deliberate indifference claim.[23] To state a deliberate indifference claim under the Eighth Amendment, a prisoner must allege facts to show: (1) "he suffered a deprivation that was, objectively, sufficiently serious" and (2) "the defendant acted with subjective recklessness as used in the criminal law." *Id.* at 1262 (cleaned up). On the second

---

[21] *Id.*

[22] ECF 9, at 10–11.

[23] ECF 17, at 4–5.

prong, the plaintiff must show "that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Id.* However, the defendant cannot be found liable—"even if the defendant actually knew of a substantial risk to inmate health or safety"—if the defendant "responded reasonably to the risk." *Id.* (cleaned up).

In his complaint, Hart alleged that Defendant Ingram, a lieutenant at Calhoun State Prison in Morgan, Georgia (one of Hart's previous penological stops), "began to mock [him] and [told the] prison population that [Hart] was a gang member and racist," thereby putting Hart in immediate danger.[24] This led Hart to put himself in segregation from February to September 2020.[25] In his objections, Hart expands upon these allegations, stating that an attempt was made on his life after Ingram's actions, and later the warden at Calhoun ordered the prison staff to put Hart in protective custody, an order which the staff ignored.[26] Hart also states for the first time in his objections that another attempt was made on his life at Jenkins, which led him to write a letter to U.S. Senator Jon Ossoff.[27]

---

[24] ECF 1, at 4–5.

[25] *Id.* at 5.

[26] ECF 17, at 4–5.

[27] *Id.* at 5, 27.

First, it is well settled that a plaintiff cannot amend the complaint through objections to an R&R, *Bray v. PHH Mortg. Corp.*, No. 1:22-CV-0815-SEG-JEM, 2024 WL 4647824, at *4 n.4 (N.D. Ga. Sept. 16, 2024) (collecting cases), and so the R&R did not err by focusing on the relatively sparse allegations in the complaint regarding Hart's time at Calhoun. Second, it is clear from the complaint that the incident with Ingram occurred sometime in or before June 2021, when Hart filed a habeas petition in federal court.[28] Thus, the claim is barred by the 2-year statute of limitations. *Lovett*, 327 F.3d at 1182. Third, it appears that the prison officials at Calhoun "responded reasonably to the risk," *Wade*, 106 F.4th at 1262, as Hart was placed in segregation, and so he cannot maintain a claim for deliberate indifference. *See Cox v. Nobles*, 15 F.4th 1350, 1361 (11th Cir. 2021) (citing *Mosley v. Zachery*, 966 F.3d 1265, 1271–72 (11th Cir. 2020)) (reasoning that "separating prisoners is among the reasonable responses a prison official can take in appropriate circumstances" and holding that the plaintiff-prisoner failed to state a deliberate indifference claim).

Lastly, Hart's objection that Defendants McKinney and Oliver failed to respond to his letters requesting that his gang tag be removed and therefore

---

[28] ECF 1, at 5; *see also* ECF 17, at 9–18. The June 2021 habeas petition is styled *Hart v. Georgia*, Case No. 1:21-cv-00120-LAG-ALS (M.D. Ga.), which was voluntarily dismissed by Hart on August 2, 2021. *See id.*, ECF 6.

demonstrated deliberate indifference also fails to show that the R&R erred.[29] While McKinney and Oliver may have been indifferent in a literal sense, the complaint does not allege facts showing that they "subjectively knew that [their] own conduct caused a substantial risk of serious harm," *Wade*, 106 F.4th at 1258—the complaint does not allege that Hart suffered any serious harm at Jenkins; Hart's objections suggest that he wrote the letters to McKinney and Oliver only *after* there was an attempt on his life at Jenkins; and Hart's objections also suggest that he was placed in segregation at Jenkins.[30]

Accordingly, Hart's Eighth Amendment objection is **OVERRULED**.

### C. The Universal Declaration of Human Rights

Hart objects that the R&R failed to acknowledge his claims under the Universal Declaration of Human Rights, G.A. Res. 217(III)A, Universal Declaration of Human Rights (Dec. 10, 1948).[31] However, this was not error, because "to prevail in a Section 1983 action, a plaintiff must show that he was deprived of a federal right," and "[t]he rights secured by the [Universal Declaration of Human Rights] are not federal rights." *Moore v. McLaughlin*, 569 F. App'x 656, 660 (11th Cir. 2014) (citing *Sosa v. Alvarez–Machain*, 542 U.S. 692, 734 (2004)). Accordingly,

---

[29] ECF 17, at 5.

[30] *See generally* ECF 1; *see also* ECF 17, at 5.

[31] ECF 17, at 3.

Hart's objection pursuant to the Universal Declaration of Human Rights is **OVERRULED**.

### D. Equal Protection

Hart objects to the R&R's conclusion that he failed to allege that similarly situated inmates were treated differently, arguing variously that his gang designation was based on his race because he is white, and the Aryan Nation is a white supremacist group; and that the investigation into his supposed gang affiliation was categorically less thorough than investigations conducted into African-American inmates.[32] It bears repeating that essentially none of these allegations are present in the complaint, and Hart cannot amend the complaint via objection.

Turning again to the merits, Hart points the finger at Defendants McKenzie and Scott for his gang designation.[33] But the complaint alleges that this designation occurred in 2013 and was discovered in 2019, so any resulting equal protection claim is clearly barred by the statute of limitations.[34] Moreover, while it is likely obvious that Hart would not have been designated as an Aryan Nation member if he were Black, there is no indication that this gang designation is the type of

---

[32] ECF 1, at 4–5.

[33] *Id.* at 4.

[34] *Id.*

"classification that denies a benefit, causes harm, or imposes a burden" based on race. *Youngblood v. Bd. of Pub. Instr. of Bay Cnty.*, 430 F.2d 625, 630 (5th Cir. 1970).[35] Indeed, as Hart acknowledges in his objections, Black inmates are not immune from being labeled as gang members,[36] and there is no allegation that members of "Black" gangs are treated differently by prison officials compared to "White" gangs.[37]

Lastly, Hart objects that he did not have an opportunity to contest his gang designation, unlike other inmates.[38] This argument appears to sound in "class of one" equal protection, "where the plaintiff alleges that [ ]he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1201 (11th Cir. 2007) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

---

[35] Fifth Circuit cases decided before October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[36] ECF 17, at 4.

[37] Hart states in his objections that "if an African American inmate is investigated for gang affiliation, he would be interviewed first, tattoos photographed, and questioned to determine if [gang] affiliation is true and of which gang . . . . No tag/label would be entered without a sure determination." While this is not alleged in the complaint, it is also the sort of conclusory allegation that the Court need not credit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement.") (cleaned up).

[38] ECF 17, at 4.

Undersigned notes that this particular objection is plainly contradictory of the complaint's allegations, as Hart had numerous opportunities to contest his gang designation, evidenced by his allegation that he was interviewed by Ingram in 2019, where it was agreed that Hart's gang designation should be removed, but that decision was overturned by Scott; a similar series of events occurred at Jenkins in 2023.[39] Thus, it is clear that Hart's true dispute is with the gang designation itself.

Setting aside for the moment that Hart has not adequately alleged that the other inmates he references are similarly situated, *see id.* at 1207 ("[T]o avoid constitutionalizing every state regulatory dispute, we are obliged to apply the 'similarly situated' requirement with rigor."), the R&R correctly pointed out that Defendants are owed "wide deference . . . with regard to classifying [Hart] as a gang member, as such classification clearly is reasonably related to a legitimate penological interest in maintaining institutional security."[40] *See also Evans v. Stephens*, 407 F.3d 1272, 1288 n.4 (11th Cir. 2005) (Carnes, Dubina, and Hull, J.J., concurring specially) (noting that gang members often have tattoos or other identifying marks on their bodies, and "[f]inding the gang members early puts the officials on notice that these people are serious security risks and should be

---

[39] ECF 1, at 4–5.

[40] ECF 9, at 8 (collecting cases).

separated from the general population where they can cause harm."). With all of this in mind, Hart's equal protection objection is **OVERRULED**.

### E. Due Process

Hart objects to the R&R's conclusion that he "failed to show that the label as a gang member violates his due process rights, as he does not have a liberty interest in any particular classification that would trigger due process protections."[41] Hart argues that he is making a procedural due process claim, and that the prisons should have afforded him a hearing or notice before designating him as a gang member.

However, these are both elements of a procedural due process claim, which requires: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). The R&R concluded that Hart failed at the first step, in that Hart does not have a liberty interest in a particular classification, and undersigned sees no error in that conclusion. *See, e.g.*, *West v. Higgins*, 346 F. App'x 423, 426 (11th Cir. 2009) (citing *McKune v. Lile*, 536 U.S. 24, 39–40 (2002)) ("An inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate loses access to rehabilitative programs and experiences more burdensome conditions than before."); *Kramer v.*

---

[41] ECF 17, at 4 (quoting ECF 9, at 8).

*Donald*, 286 F. App'x 674, 676 (11th Cir. 2008) (citing, *inter alia*, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)) (holding that a prisoner "did not state a due process claim because he has no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison"). Accordingly, Hart's due process objection is **OVERRULED**.

### F. Slander

Hart does not directly object to the R&R's conclusion that claims of libel and slander are not cognizable under § 1983[42] — rather, he argues that the slander and libel allegations are part of an Eighth Amendment claim.[43] Hart contends that a prison official's spreading of rumors about him amounted to cruel and unusual punishment in violation of the Eighth Amendment.[44] However, Hart's allegation that an official spread rumors about him being in a gang amounts to, at most, verbal abuse, and the Eleventh Circuit has held that "verbal abuse alone is insufficient to state a constitutional claim." *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x. 862, 866 (11th Cir. 2008) (citing *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)); *see also Walker v. Newton*, No. 6:16-CV-2, 2016 WL 2770801, at *4 (S.D. Ga. May 13, 2016) (concluding that a claim that a guard spreading rumors

---

[42] Hart does not argue that he could pursue a slander or libel claim under state law, and therefore undersigned does not address that question.

[43] ECF 17, at 6.

[44] *Id.*

that the plaintiff was a "snitch," "subjecting him to potential attacks from other inmates," did not state an Eighth Amendment cruel and unusual punishment claim when the inmate was not injured). The objection that these allegations are cognizable as an Eighth Amendment deliberate indifference claim are addressed in Section III.B., *supra*.

    **G.**    **Application to Appeal *in forma pauperis***

Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Under both the statute and the rule, a party must show an inability to pay and the basis of the appeal. The appeal must also be brought in good faith—an objective standard that is met when a party seeks review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (citations omitted). A claim that is arguable, "but ultimately will be unsuccessful, . . . should survive frivolity review." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

For the foregoing reasons, this Court now certifies pursuant to 28 U.S.C. § 1915(a)(3) that Hart's appeal is not taken in good faith. Accordingly, leave to proceed *in forma pauperis* on appeal is **DENIED**. Hart's motion for relief from

prepayment of fees is duplicative of his IFP application, and therefore the motion is **DENIED as moot.**

IV.   Conclusion

Hart's motion for extension of time to file objections [ECF 16] is **GRANTED nunc pro tunc**, and therefore undersigned deems Hart's objections [ECF 17] timely filed. Undersigned has reviewed Hart's objections *de novo*, and for the foregoing reasons, the objections are **OVERRULED**. Accordingly, Hart's motion to set aside dismissal [ECF 18] is **DENIED**.

Hart's motion for appointment of counsel [ECF 22] is **DENIED**. Hart's application to appeal *in forma pauperis* [ECF 24] is **DENIED. Further requests to proceed *in forma pauperis* should be directed by motion to the Court of Appeals for the Eleventh Circuit within 30 days pursuant to Fed. R. App. P. 24.** Hart's motion for relief from prepayment of fees [ECF 25] is **DENIED as moot**.

The Clerk of this Court is **INSTRUCTED** to notify the Clerk of the Eleventh Circuit upon the entry of this Order (*See* ECFs 27, 28, 29). This case shall remain closed.

**SO ORDERED** this 16th day of June, 2025.

_____
Steven D. Grimberg
United States District Judge