IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN ANDREW HART,<br>   Plaintiff,<br><br>           v.<br><br>GEORGIA DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br>   Defendants. | Civil Action No.<br>1:24-cv-04814-SDG |

**OPINION AND ORDER**

This case is before the Court on Plaintiff Jonathan Andrew Hart's motion to reopen his case and amend his complaint pursuant to Fed. R. Civ. P. 60(b) [ECF 32]. Hart seeks relief from the Court's June 16, 2025 Order which, among other things, overruled his objections to the Magistrate Judge's Final Report and Recommendation (R&R); the Order dismissed his complaint and denied his application to appeal *in forma pauperis* [ECF 30]. Hart requests that the order be vacated and that he be granted leave to file an amended complaint seeking only injunctive relief. Because such an amendment would be futile, Hart's motion is **DENIED**.

**I.     BACKGROUND**

On December 16, 2024, United States Magistrate Judge John K. Larkins, III entered the R&R recommending that this action be dismissed pursuant to 28

1

U.S.C. § 1915A for failure to state a viable claim for relief.[1] After the time for objections to the R&R passed, undersigned reviewed the R&R for clear error and, finding none, adopted the R&R as the Order of this Court and dismissed the complaint.[2] However, shortly after the dismissal was docketed, the Clerk received Hart's motion for an extension of time to file his objections.[3] Undersigned concluded in the June 2025 Order that the motion established good cause for the extension and deemed Hart's objections timely filed.[4] After reviewing the objections *de novo*, undersigned further concluded that the R&R did not err in recommending that the complaint be dismissed and therefore declined to set aside the dismissal.[5] Hart appealed that dismissal to the Eleventh Circuit Court of Appeals and contemporaneously filed the instant motion.[6]

Hart, an inmate at the Jenkins Correctional Facility in Millen, Georgia, filed this 42 U.S.C. § 1983 civil rights action against the Georgia Department of Corrections and various prison officials, claiming that in 2013 he was improperly

---

[1] ECF 9.

[2] ECF 14. Hart appealed that Order but later voluntarily dismissed the appeal. ECFs 19, 36.

[3] ECF 16.

[4] ECF 30.

[5] *Id.*

[6] ECFs 32, 33.

classified as a member of the Aryan Nation gang.[7] Hart insists that he is not a member of the gang, that the designation has put him in danger of attack by other inmates, and that he has repeatedly sought to have the designation changed without success.[8]

The R&R distilled Hart's allegations into four claims under § 1983: (1) equal protection, (2) due process, (3) deliberate indifference, and (4) slander.[9] However, the R&R concluded that the complaint failed to state any viable claims for relief.[10] Of particular relevance here, the R&R reasoned that Hart's due process claim fails because he does not have a protected liberty interest in a particular administrative classification.[11] Undersigned overruled Hart's objections to this and other conclusions in the R&R and adopted the R&R as the Order of this Court.[12]

Now, Hart seeks leave to file an amended complaint for injunctive relief that would remove his gang classification, on the ground that the classification violated his procedural due process rights.[13] Hart represents that the amended complaint

---

[7] ECF 1, at 4.

[8] *Id.* at 4–5.

[9] *See generally* ECF 9.

[10] *Id.*

[11] *Id.* at 8–9.

[12] ECF 30.

[13] ECF 32.

would drop all other claims.[14] While styled as a motion for relief under Fed. R. Civ. P. 60(b),[15] the motion is best understood as a motion for leave to amend under Fed. R. Civ. P. 15.

## II. APPLICABLE LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a), a party may amend his complaint only by leave of court or with written consent of the adverse party when it has been more than 21 days following service of the responsive pleading or motion. "Rule 15(a) gives a district court 'extensive discretion' to decide whether or not to allow a party to amend a complaint." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (quoting *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995)).

In general, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)) (cleaned up). However, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Id.* at 1262–63 (citing *Foman*, 371 U.S. at 182). Amendment is futile "when the complaint as amended is still subject to

---

14   *Id.*

15   *Id.*

dismissal." *Id.* at 1263 (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

## III.   DISCUSSION

The Court has already concluded that Hart cannot state a viable claim for violation of his procedural due process rights based on his gang designation, because Hart does not have a protected liberty interest in any particular administrative classification.[16] Since Hart seeks leave to amend his complaint to bring a claim on this same ground, granting leave to amend would be futile.

To succeed on a due process claim, a plaintiff must establish "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). It is well settled that the administrative classification of prisoners does not give rise to a protectable liberty interest under the Due Process Clause. *Mathews v. Moss*, 506 F. App'x 981, 983–94 (11th Cir. 2013) (citing *Meachum v. Fano*, 427 U.S. 215, 223–25 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)); *see also Clarkson v. McLaughlin*, No. 517CV00120CARCHW, 2017 WL 3584909, at *3 (M.D. Ga. Aug. 18, 2017) (citing *West v. Higgins*, 346 F. App'x 423, 426 (11th Cir. 2009); *Kramer v. Donald*, 286 F. App'x 674 (11th Cir. 2008); *Slocum v. Ga. State Bd. of Pardons & Paroles*, 678 F.2d 940, 941 (11th Cir. 1982)) ("The Eleventh Circuit has

---

16   ECF 30, at 15–16; *see also* ECF 9, at 8–9.

routinely recognized that prison officials in Georgia have discretion to transfer inmates and that an inmate has no state created liberty interest in a particular classification, prison assignment, or transfer even if the inmate experiences more burdensome conditions than before.") (cleaned up). Because prisoners do not have a protected liberty interest in a particular administrative classification, they are not entitled to any specific process before they are classified or prior to the imposition of conditions necessitated by their classification. *See Mathews*, 506 F. App'x at 983–94.

Moreover, where state prison officials are given discretion in determining inmate classifications, state prisoners do not have any constitutionally protected liberty interest in a particular classification. *Clarkson*, 2017 WL 3584909, at *3 ("Plaintiff's classification as a gang member, transfer, and loss of favorable prison conditions do not implicate a liberty interest."); *Salerno v. Dunn*, 765 F. App'x 262, 263 (9th Cir. 2019) ("The district court properly granted summary judgment on [Plaintiff]'s claim that prison policies designating inmates [as] suspected gang members violated [Plaintiff]'s due process rights because [he] failed to identify a protected liberty interest implicated by these policies."); *see also Sandin v. Conner*, 515 U.S. 472, 483–85 (1995) (a prisoner has no protected liberty interest when the sanction imposed neither exceeds his sentence nor imposes an "atypical and significant hardship"). While Hart contends that the gang classification could

affect his parole, pardon, or clemency consideration and could prevent him from traveling to other countries upon his release,[17] "a mere chance or probability that a single factor will affect a future parole decision is too attenuated to invoke the Due Process Clause." *Taylor v. Clore*, No. 7:07CV00448, 2007 WL 2892681, at *2 (W.D. Va. Sept. 28, 2007) (citing *Sandin*, 515 U.S. at 486–87). Because Hart does not have a protected liberty interest in a particular administrative classification, he cannot state a viable claim for violation of his procedural due process rights. An amended complaint pursuing only that claim would be futile, and therefore Hart's motion for leave to amend is denied.

### IV. CONCLUSION

Hart's motion to reopen his case and amend his complaint pursuant to Fed. R. Civ. P. 60(b) [ECF 32], construed as a motion for leave to amend under Fed. R. Civ. P. 15, is **DENIED**.

The Clerk of this Court is **INSTRUCTED** to notify the Clerk of the Eleventh Circuit upon the entry of this Order [ECFs 38, 39, 41]. This case shall remain closed.

**SO ORDERED** this 18th day of November, 2025.

                                                    Steven D. Grimberg
                                                    United States District Judge

---

17  ECF 32.